UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ESTRADA, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-06-246 |
| TROY WILLIAMSON, | : |
| | : (Judge McClure) |
| Respondent | : |

## MEMORANDUM AND ORDER

June 19, 2006

**Background**

George Estrada ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is USP-Allenwood Warden Troy Williamson.[1] Service of the petition was previously ordered.

Petitioner states that he was incarcerated at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood") from December 18, 2004 to

---

[1] The Respondent correctly notes that the proper Respondent in this matter is actually Warden Jonathan Miner of USP-Allenwood, the place where Estrada is currently incarcerated.

1

January 28, 2005.  On December 21, 2004, Estrada was questioned by SIS Lieutenant Feltman who informed the prisoner that notes sent to the SIS office had implicated him in an assault of Inmate Lopez on December 18, 2004.  Thereafter, Petitioner and Lopez were both placed in the prison's Special Housing Unit ("SHU").

On January 13, 2005, Estrada was issued an incident report which charged him with assaulting another person (Lopez).[2]   Lieutenant Clarkson advised Petitioner of his rights on January 19, 2005 and asked if he wished to call any witnesses.  A Unit Disciplinary Committee ("UDC") hearing was convened on January 20, 2005.  The UDC referred the charges to the Disciplinary Hearing Officer ("DHO") for further proceedings.

A disciplinary hearing was convened on January 27, 2005.  DHO K. Bittenbender  found Estrada guilty of the assault charge and sanctioned him to a thirty (30) day term of disciplinary segregation, a one hundred and eighty (180) day loss of telephone and visiting privileges, a twenty-one (21)  day loss of good conduct time and a sixty (60) day loss of non-vested good conduct time.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that the incident report was not timely issued in accordance with Bureau of Prison ("BOP") regulations.  Specifically, Estrada asserts that as of December 21, 2004, Lieutenant

---

[2]   This Court recently dismissed a habeas corpus petition by Estrada which challenged an unrelated, FCI-Allenwood disciplinary charge.  See Estrada v. Williamson, Civil No. 4:CV-06-245, slip op. (M.D. Pa.  June 13, 2006).

Feltman had a reasonable belief that Petitioner had assaulted Lopez. However, the officer failed to issue an incident report within twenty-four (24) hours as required under BOP regulations. Second, Estrada contends that Lieutenant Clarkson did not adequately investigate the charge in accordance with BOP policy. The petition additionally argues that Clarkson violated due process by neglecting to sign his investigative report. Furthermore, Petitioner asserts that Clarkson's purported failure to investigate occurred because Lieutenant Feltman had already completed the investigation and thus, Feltman violated the BOP policy which prohibits the investigating officer from being the employee who reported the incident.

**Discussion**

A habeas corpus petition is the proper method by which a prisoner can challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). However, federal habeas corpus relief is only available if the alleged deprivation of rights negatively impacts the fact or length of detention. Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding. The Supreme Court recognized in Wolff that "prison disciplinary proceedings are not part of a criminal prosecution and

3

the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Court held that a prisoner facing serious institutional sanctions such as a loss of good time credits is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal. The Court of Appeals for the Third Circuit in Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992), thereafter recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the Wolff due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time

4

credits.  See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Von Kahl, 855 F. Supp. at 1417.  In conclusion, since Estrada was sanctioned to a loss of good time credits, his allegations relating to his underlying disciplinary proceeding are properly raised in a habeas corpus petition and will be reviewed under the Wolff and Hill standards.

It is initially noted that Petitioner does not contend that he requested but was denied assistance from an inmate representative.[3]  Estrada also makes no claim that he was denied the opportunity to present witnesses or documentary evidence.  Wolff also mandates the factfinder to be an impartial decision maker and to issue a written decision outlining the evidence relied upon and the rationale behind the disciplinary action.  Petitioner does not claim that DHO Bittenbender was biased. There is also no contention or basis in the record establishing that the factfinder, DHO Bittenbender, failed to issue a written decision.  On the contrary, a copy of Bittenbender's decision has been submitted by the Respondent.  See Record document no. 7, Exhibit 1, Attachment D,  p. 17.  Thus, a discussion as to whether those four Wolff procedural prongs were satisfied is not required in this case.

Furthermore, the DHO's undisputed written decision states that during his disciplinary hearing, Estrada admitted to assaulting Inmate Lopez. See id.    The

---

[3]    The undisputed record indicates that the Petitioner declined staff representation.

findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). Certainly, in light of the Petitioner's admission that he physically assaulted Inmate Lopez, the some evidence requirement of Hill was satisfied.

**Issuance of Misconduct Charge**

Petitioner claims that he is entitled to relief because Lieutenant Feltman failed to issue him a disciplinary charge within twenty four (24) hours of becoming aware that he had assaulted another inmate. Under BOP regulations, prison staff shall provide an inmate with a written copy of the charges levied against him "ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident." See 28 C.F.R. Section 541.15.

However, absent a showing of prejudice, a technical violation of Bureau of Prison ("BOP") regulations does not automatically require that a disciplinary sanction must be vacated and remanded. Von Kahl v. Brennan, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994)(in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief). Wolff requires in part that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him. Estrada raises no claim that the advance notice mandate of Wolff was

6

violated. This Court's independent review of the record also confirms that Petitioner received proper advance written notice of the charges against him.

Inmate Lopez was assaulted on December 18, 2004. According to the petition, Feltman questioned the Petitioner regarding the attack on December 21, 2004. An incident report prepared by Feltman was issued and served on January 13, 2004. Based on the standards announced in Von Kahl and Estrada's failure to establish either resulting prejudice or a violation of Wolff, there is no basis for the finding of a due process violation based on the relatively short twenty-three (23) day delay from the interview of Estrada to the issuance of the misconduct charge.

**Investigating Officer**

Petitioner claims that he was denied due process in that contrary to BOP regulations, Lieutenant Feltman was both the employee who reported his misconduct as well as the officer who conducted the investigation into the incident report. Petitioner correctly notes that BOP regulations prohibit an investigating officer from being the same employee reporting the incident. See 28 C.F.R. § 541.2(a).

A review of the incident report filed against Estrada shows that the reporting employee was Lieutenant Feltman. See Record document no. 7, Exhibit 1, Attachment B, ¶ 12. The report alleges that the charges against Petitioner stemmed from an SIS investigation which concluded on January 13, 2005. Estrada is apparently claiming that because Lieutenant Feltman was involved in the SIS investigation of the assault on Inmate Lopez, there was a violation of § 541.2(a). This Court agrees that the record

7

supports the conclusion that Feltman was involved in an internal investigation which led to the filing of misconduct charges against Petitioner.  However, a review of the incident report shows that Lieutenant Clarkson was the officer who was assigned and thereafter conducted an investigation (including a meeting with the Petitioner) into the specific disciplinary charge lodged against Estrada.  See id. at ¶¶ 23-27.

Estrada's misconduct report clearly references two separate investigations.  The first being SIS Lieutenant Feltman's investigation into an assault on Inmate Lopez, while the second was the investigation conducted by Lieutenant Clarkson into the specific disciplinary charge filed against the Petitioner.  Since it is undisputed that Clarkson, not Lieutenant Feltman, conducted the latter investigation, it is the conclusion of this Court that there was compliance with the requirements of § 541.2(a).

**Investigation**

Following the issuance of the incident report, a prompt investigation must be undertaken. 541.14(b).  Section 541.14 also directs that the investigating officer should "thoroughly investigate the incident."  Once the investigation is concluded, the incident report is referred to the UDC for an initial hearing ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident.

Petitioner argues that he was denied due process because Lieutenant Clarkson did not conduct a thorough investigation and failed to sign his investigation report. Estrada describes Clarkson's investigation as consisting of reading the Petitioner his

rights and inquiring as to whether he wished to make a statement or had any witnesses.

It is noted that neither of Petitioner's allegations regarding Lieutenant Clarkson sets forth a due process violation under Wolff.  Second, according to the undisputed record,  Lieutenant Clarkson met with the Petitioner, advised him of his rights, asked if he had any witnesses, and offered him an opportunity to make a statement.  Estrada stated that he had no witnesses and declined to make a statement.  Furthermore, during the course of his hearing before DHO Bittenbender, Estrada admitted that he physically assaulted Inmate Lopez.

Once again the Petitioner's allegation does not raise a claim that he was denied one of the Wolff procedural safeguards.  Second, Estrada does not identify any additional investigative measures which should have been undertaken.  Finally,  based on his admission of guilt, Estrada has clearly failed to make a showing as required under Von Kahl that he was somehow prejudiced by the purported failure of Lieutenant Clarkson to undertake a more thorough investigation.  In conclusion, Petitioner has not satisfied his burden of  establishing that a denial of due process occurred during his challenged disciplinary proceedings.  Consequently,

**IT IS HEREBY ORDERED:**

    1.    The petition for writ of habeas corpus is denied.

    2.    The Clerk of Court is directed to close the case.

    3.    Based on the court's decision herein, there is no basis for the issuance of a certificate of appealability.

      s/ James F. McClure, Jr.  
    JAMES F. McCLURE, JR.  
    United States District Judge